IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWN RALPHEAL CORTEZ BANKS,<br><br>Defendant. | **UNDER SEAL**<br><br>No. 1:26-MJ-255 (WBP) |

**AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT**

I, Johel A. Sanchez, am a Special Agent with the Federal Bureau of Investigation (FBI), Washington (D.C.) Field Office, Northern Virginia Resident Agency. I am duly sworn and state the following:

**INTRODUCTION**

1. I make this affidavit in support of a criminal complaint alleging that, on or about April 3, 2025, in Fairfax County Virginia, in the Eastern District of Virginia, SHAWN RALPHEAL CORTEZ BANKS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in or affecting commerce, that is, a Glock Model 19X, 9 mm caliber semi-automatic pistol, bearing Serial No. BKBR061, which had been shipped or transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. I have been employed as a Special Agent with the Federal Bureau of Investigation beginning on December 4, 2022. Since April 17, 2023, I have been assigned to a transnational organized crime squad, with responsibilities that include enforcing federal laws related to crimes committed by transnational organizations and criminal street gangs.

3. In my capacity as a Special Agent, I have participated in controlled purchases of illegal narcotics, conducted visual and electronic surveillance of individuals, targets, and criminal activities, executed arrest, search, and seizure warrants, and interviewed multiple individuals involved in drug trafficking and gang-related activities. I have participated in the execution of arrest and search warrants that have resulted in the seizure of illegal narcotics and firearms.

4. All information presented in this affidavit is based on my direct knowledge as well as my communications with other law enforcement officers, witnesses, and/or confidential informants, or has been obtained from records and documents associated with the investigation.

5. This affidavit includes information necessary to establish probable cause for the criminal complaint described above and is not intended to encompass every fact and detail observed or known to me or the other law enforcement personnel involved in this investigation.

**PROBABLE CAUSE**

6. The FBI and the Fairfax County Police Department (FCPD), along with other federal, state, and local law enforcement agencies, have been investigating narcotics trafficking, multiple homicides, and other acts of violence linked to drug trafficking along the Fairfax County section of the Richmond Highway (U.S. Highway Route 1) corridor. This criminal activity has largely transpired in the Alexandria section of Fairfax County as well as in other areas of Northern Virginia, Maryland, and the District of Columbia.

7. On April 3, 2025, at approximately 1:12 a.m. EST, FCPD officers were called to the area of 8444 Madge Lane, Alexandria, in the Mount Vernon District of Fairfax County, Virginia, for reports of a shooting. When FCPD officers arrived, a male victim (Victim 1), was found on the ground in a patio area just outside Unit 101 at the Madge Lane address. Victim 1

appeared to have been shot multiple times and was pronounced dead at the scene. The police recovered numerous 9 mm spent cartridges in the area around Victim 1. FCPD officers located a second victim (Victim 2) inside Unit 101, suffering from a gunshot wound. Victim 2 was transported to a hospital. Victim 2 survived the shooting.

8. Prior to the April 3, 2025 shooting incident, the Mount Vernon Neighborhood Patrol Unit (NPU) of the FCPD had identified 8444 Madge Lane, Unit 101, as a "trap house," a term known to describe a location primarily used by multiple individuals to sell, procure, and use illegal drugs. As a result, the NPU had set up video surveillance of the patio entry/exit door of Unit 101 to gather evidence of drug trafficking at that location.

9. FCPD detectives reviewed the surveillance video of Unit 101 at the time of the shooting. The video shows Victim 1 attempting to enter Unit 101 from the patio area through the unit's sliding glass door. Victim 1 was refused entry, and Victim 1 then pulled out a pistol and fired several shots into the apartment. The video shows SHAWN BANKS, who was standing outside Unit 101 near the sliding glass door at the time, then fire several shots at Victim 1. The video shows Victim 1 taking a few steps, stumbling, and then falling to the ground. The video then shows SHAWN BANKS leave Unit 101 from the sliding glass door adjacent to the patio shortly after BANKS shot Victim 1.

10. Later on April 3, 2025, SHAWN BANKS was arrested in Prince Georges County, Maryland. BANKS was interviewed in Prince Georges County by two FCPD detectives. During that interview, BANKS admitted to having shot Victim 1. BANKS also told the detectives that he had left the firearm used in the shooting on the floor in the kitchen area of Unit 101 before leaving that apartment.

11. On April 5, 2025, FCPD executed a search warrant at 2337 Farrington Avenue, Apt. 102, in Fairfax County, Virginia, where BANKS had stayed following the shooting incident at Madge Lane. During the execution of that warrant, FCPD seized a cell phone believed to have been one used by BANKS. FCPD detectives found a photograph on BANKS's cell phone of a tan Glock pistol.

12. On April 7, 2025, FCPD were called to Room 27 of the Red Carpet Inn, located at 8257 Richmond Highway, to investigate a trespassing complaint. The owner of the hotel told the police that the people who had rented Room 27 had not checked out and that there were now about ten persons in the room. After Room 27 was cleared by the police, FCPD officers found drugs and drug paraphernalia as well as several firearms in the room. One of the firearms recovered by the FCPD was a tan Glock Model 19X, 9 mm pistol, Serial No. BKBR061. That Glock pistol appears to be the same firearm depicted in the photograph found on BANKS's cell phone.

13. On April 22, 2025, BANKS was extradited from Prince Georges County, Maryland, to Fairfax County, Virginia, to face charges relating to the April 3, 2025 shooting. When he arrived in Fairfax County, BANKS was again interviewed by the same FCPD detectives. BANKS admitted to the detectives that he carried the tan Glock pistol for protection while watching the door at the "trap," which is what he had been doing at the time of the shooting on April 3, 2025, at Madge Lane. BANKS again told the detectives that he had left that firearm in the kitchen before leaving the apartment.

14. A Firearms Trace Summary for the Glock Model 19X, 9 mm pistol, Serial No. Serial No. BKBR061, recovered by the FCPD from Room 27 at the Red Carpet Inn on April 7, 2025, was prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosive National

Tracing Center. The report indicates that the Glock Model 19X was manufactured by GLOCK GMBH in Austria and that it was imported into the United States by GLOCK INC., of Smyrna, Georgia. A preliminary cartridge case image comparison was done for the spent 9 mm cartridge casings recovered by the FCPD from the patio area just outside the sliding glass door of Unit 101 at 8444 Madge Lane on April 3, 2025. The comparison indicates that the spent shell casings recovered by the police had been fired and ejected from the tan Glock Model 19X pistol recovered from the Red Carpet Inn.

15. I have reviewed a certified record from the Circuit Court of the City of Alexandria for the case of Commonwealth of Virginia v. Shawn Ralfheal Cortez Banks, Case Number CF9000160. That record indicates that on September 12, 2019, BANKS was found guilty of Attempted Carjacking in violation of Va. Code Section 18.2-58.1(A), 18.2-26 and the Use of a Firearm in the Commission of a Felony, in violation of Va. Code Section 18.2-53.1. The record indicates that BANKS was sentenced to incarceration with the Virginia Department of Corrections for a term of 10 years for the Attempted Carjacking and for a term of 3 years for the Use of a Firearm in the Commission of a Felony. Those sentences were ordered to run consecutive to one another. The court suspended all but 2 years and 2 months of the Attempted Carjacking sentence for a total suspension of all but 5 years and 2 months, with a mandatory minimum sentence of 3 years for the Use of a Firearm in the Commission of a Felony.

## CONCLUSION

Based on the foregoing, I submit that probable cause exists to believe that on or about April 3, 2025, SHAWN RAPHHEAL CORTEZ BANKS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in or affecting commerce, that is, a Glock Model 19X, 9 mm caliber semi-automatic pistol, bearing Serial No. BKBR061, which had been shipped or transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Johel A. Sanchez
Johel A. Sanchez
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to by telephone in accordance with Fed. R. Crim. Proc. 4.1 on July 8th , 2026.

The Honorable William B. Porter
United States Magistrate Judge